UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>           Plaintiff,<br><br>    v.<br><br>YVONNE BEUSTER, et al.,<br><br>           Defendants. | 1:14-cv-00122-LJO-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 8) |

Plaintiff, a civil detainee proceeding pro se, initiated this action on January 27, 2014. On October 30, 2014, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

1

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff claims that due to his blindness, he can no longer proceed without an attorney. To support his claim, Plaintiff has attached a treatment plan dated August 26, 2014, which indicates that he has "LEGAL BLINDNESS, AS DEFINED IN U.S.A." (ECF No. 8, p. 2.) Despite this diagnosis, the Court cannot ascertain the scope of Plaintiff's purported legal blindness. For example, it is unclear whether Plaintiff can read with the use of an assistive device, such as a magnifying glass. Further, Plaintiff has more than 10 other civil matters currently pending in the Fresno Division of the Eastern District of California. To date, Plaintiff has requested the appointment of counsel in only one of those actions—Shehee v. King, 1:14-cv-00590-AWI-GSA. Additionally, Plaintiff initiated at least one civil action after issuance of the treatment plan dated August 26, 2014. As such, the Court does not find it appropriate to seek the appointment of voluntary counsel at this time. Moreover, at this early stage in the proceedings, the Court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **November 3, 2014**          /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE

2