# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE, <br><br> Plaintiff, <br><br> v. <br><br> YVONNE BEUSTER, et al., <br><br> Defendants. | 1:14-cv-00122-LJO-BAM <br><br> SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (ECF No. 1) <br><br> THIRTY-DAY DEADLINE |

Plaintiff Gregory Ell Shehee ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff's complaint, filed on January 27, 2014, is currently before the Court for screening pursuant to 28 U.S.C. § 1915.

**I.  Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

## II. Allegations in Complaint

Plaintiff names the following defendants: (1) Yvonne Beuster; (2) Debi Phillips; (3) Melica Villalobos; and (4) Audrey King.

Plaintiff alleges that Defendant have falsely claimed that he is not an indigent patient, have denied him indigent patient status and have denied him the ability to photocopy and send documents to the court in a timely manner. Plaintiff further alleges that Defendants "obstruct justice, block the Plaintiff's legal work and ability to respond to court required filings and block the Plaintiff's filings in which the court's rules and procedures require that Plaintiff's responses be filed according to court imposed time limits." (ECF No. 1, p. 2.) Plaintiff also alleges that Defendants' underground regulations, underground administrative directives and schemes to obstruct justice have caused him irreparable harm and obstructed multiple court cases.

Plaintiff asserts that he informed Defendants on thirty different occasions that obstruction of justice is a criminal offense and demanded the return of his legal papers. Sgt. Maylin told Plaintiff that all 34 of his legal envelopes had been shredded or destroyed because of Plaintiff having brought suit against Coalinga State Hospital. Sgt. Maylin reportedly stated that the hospital was not going to allow him to walk into court with the kind of evidence that he had against them.

Plaintiff further alleges that Coalinga State Hospital sends civil detainees to Fresno Superior Court on false criminal charges that are fabricated by Coalinga State Hospital employees. Plaintiff contends that Coalinga State Hospital uses falsified records from security guards, psychiatric technicians, and psychiatric technician students. Plaintiff asserts that serious assaults with great bodily injury have routinely been covered up by Coalinga State Hospital employees. Hospital employees have been directed to obstruct civil detainees whenever they bring a suit that might reveal the hospital's criminal conduct. Plaintiff alleges that in the immediate case, the hospital directed the trust office to force Plaintiff, under duress, to sign a contract which interfered with his right to photocopy and present evidence to the courts. Plaintiff

also asserts that he was charged for relevant case citations, which are to be provided to indigent litigants for free.

Plaintiff seeks monetary damages from the named defendants.

### III.  Discussion

Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 18 and fails to state a cognizable claim.  Plaintiff will be given an opportunity to amend his complaint to state a claim.  To assist Plaintiff, the Court provides the applicable pleading and legal standards.  Plaintiff should amend only those claims that he believes, in good faith, are cognizable.  Plaintiff is cautioned that he may not add new claims to this action.

**A.  Pleading Standards**

**1.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is short, but does not contain a plain statement of his claims showing that he is entitled to relief.  Plaintiff's complaint is disjointed, difficult to understand, and filled with conclusory statements.  Plaintiff's allegations are not sufficient to clearly state what happened, when it happened and who was involved.  Further, Plaintiff's allegations regarding falsified records and assaults are generalized and not directly linked to any defendants or any specific incident.

**2.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff fails to properly link the individual defendants to a constitutional violation. Plaintiff may not simply lump all defendants together in his complaint. Plaintiff will be given leave to cure this deficiency. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his rights.

### 3. Federal Rule of Civil Procedure 18

Plaintiff is raising numerous claims against different defendants based on different events at Coalinga State Hospital. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

If Plaintiff elects to amend his complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint again sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### B. Civil Detainees Legal Standards

Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 322, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). However, court decisions that define the constitutional rights of prisoners can be relied upon to establish a floor for the constitutional rights of those who are civilly detained as sexually violent predators ("SVP"). Padilla v. Yoo, 678 F.3d 748, 759 (9th Cir.2012); Hydrick v. Hunter, 500 F.3d 978, 989 n. 7 (9th Cir.2007), vacated and remanded on other grounds, 556 U.S. 1256, 129 S.Ct. 2431, 174 L.Ed.2d 226 (2009).

### 1. Access to Courts

Plaintiff alleges that he was denied the right to access the courts when he was denied access to photocopies as an indigent inmate. Civil detainees have a protected right of access to the courts. Semeneck v. Ahlin, 2010 WL 4738065, *3 (E.D. Cal. Nov. 16, 2010). To state a claim, a detainee alleging a violation of his right of access to the courts must demonstrate that he has suffered an "actual injury." Id., citing Lewis v. Casey, 518 U.S. 343, 349-50, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Plaintiff fails to provide specific allegations that Defendants interfered with his efforts to pursue a non-frivolous legal claim or that he suffered any actual injury. Plaintiff's generalized allegations, which includes a paragraph listing each action he has prosecuted or is prosecuting, is not sufficient to demonstrate actual injury. Plaintiff will be given leave to cure this deficiency to the extent that he is able to do so in good faith.

### 2. Destruction of Legal Property

Plaintiff alleges that his envelopes were destroyed in retaliation for his lawsuit against Coalinga State Hospital.

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1984). Plaintiff alleges that his envelopes were destroyed in retaliation. Whether the cause of the property loss or damage was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810–895). Therefore, Plaintiff has failed to state a cognizable claim for the loss of his property.

### 3. State Law Claims

To the extent Plaintiff seeks to pursue state law claims, he may not pursue a state law tort claim unless he has complied with California's Government Claims Act. Compliance must be affirmatively alleged, and compliance with the hospital's complaint process does not suffice to exhaust state law tort claims. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004).

### IV. Conclusion and Order

For the above reasons, Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 18 and fails to state a claim for which relief may be granted against any defendant. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to the extent that he can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations

must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

3. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **December 8, 2014**              /s/ Barbara A. McAuliffe
                                           UNITED STATES MAGISTRATE JUDGE