UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY ELL SHEHEE,<br><br>    Plaintiff,<br><br>    v.<br><br>YVONNE BEUSTER, et al.,<br><br>    Defendants. | 1:14-cv-00122-LJO-BAM (PC)<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br>(ECF No. 14) |

Plaintiff Gregory Ell Shehee ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff initiated this action on January 27, 2014. On December 9, 2014, the Court dismissed Plaintiff's complaint with leave to amend within thirty (30) days. (ECF No. 12.) After more than thirty days passed and Plaintiff did not file an amended complaint, the undersigned issued Findings and Recommendations that this action be dismissed based on Plaintiff's failure to state a cognizable claim and failure to obey a court order. The Findings and Recommendations were served on Plaintiff and contained notice that any objections were to be filed within fourteen (14) days after service. (ECF No. 13.)

In lieu of objections, on January 26, 2015, Plaintiff filed the instant a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States

1

District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

Here, the court does not find the required exceptional circumstances.  Plaintiff asserts that he is indigent and unable to continue prosecuting this action because he is "totally, completely and irrevocably blind."  (ECF No. 14, p. 1.)  This alone does not render Plaintiff's case exceptional.

At this stage of the proceedings, the Court cannot make the necessary determination that Plaintiff is likely to succeed on the merits.  Plaintiff's original complaint was dismissed with leave to amend on December 9, 2014, for failure to state a claim.  (ECF No. 12.)  When Plaintiff failed to timely amend, the Court issued Findings and Recommendations that this action be dismissed based on Plaintiff's failure to state a claim and failure to obey a court order.  (ECF No. 13.)  The Findings and Recommendations remain pending and there is no operative complaint on file that states a cognizable claim.  Furthermore, there is no indication that Plaintiff cannot adequately articulate his claims or respond to the Court's orders.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.  Plaintiff's objections to the Findings and Recommendations, if any, shall be filed within **fourteen (14) days** following service of this order.

IT IS SO ORDERED.

   Dated:   **February 2, 2015**                    /s/ *Barbara A. McAuliffe*         
                                                                        UNITED STATES MAGISTRATE JUDGE